IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTHA PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-1327-O |
| | § | |
| DR. A. ORTIZ, et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/plaintiff Martha Perez's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Am. Compl., ECF No.7. After reviewing the amended complaint, the Court finds that one of Perez's claims must be dismissed.

**I.  PLAINTIFF'S PLEADING**

In the amended complaint, Perez, an inmate at FMC-Carswell, complains primarily of the health care provided to her while she was housed in a different Bureau of Prisons' ("BOP") facility, FCI-Tallahassee. Am. Compl. 3, ECF No. 7. Although she seeks to have a medical procedure to repair alleged damage to her eye, and monetary compensatory damages from two individual defendants at FCI-Tallahassee, she also seeks an order for "my release." *Id*. at 4. Because the Court does not have jurisdiction to consider a request for compassionate release, and because Perez has otherwise not invoked the proper statutory basis to challenge a sentence, the Court will issue this order.

**II.  PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

1

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because she is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**III.   ANALYSIS**

As noted, although Perez asserts claims for monetary damages against two individual defendants, and the Court will transfer those claims to the proper court in a separate order issued this same day, Perez also seeks to be released. Am. Compl. 4, ECF No. 7. The Court notes that to the extent Perez is seeking compassionate release, such relief is provided for in 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court,

lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it"); *see also Clark v. Upton*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"). Perez was convicted in the United States District Court for the Western District of Texas. *United States v. Perez*, No. 6:04-cr-0128-ADA(2), ECF No. 113 (June 13, 2006 Judgment). Review of the docket in that case shows that Perez has previously sought a reduction in sentence. *Id* at ECF Nos. 146, 150 (Motion to Reduce Sentence and Order Denying Motion to Reduce Sentence). Thus, to the extent Perez has incorporated a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such motion will be dismissed without prejudice to re-filing in the sentencing court.

Furthermore, to the extent Perez's request to be "released" could be a challenge to the service of her sentence, this civil action is not the proper vehicle to pursue such relief. Instead, 28 U.S.C. § 2241 is "the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). Thus, Perez's claim for release will also be dismissed without prejudice to her right to seek such relief through a petition for writ of habeas corpus under 28 U.S.C. § 2241.

## IV.  ORDER

It is therefore **ORDERED** that to the extent plaintiff Martha Perez's motion/request to be released is a request for compassionate release, such claim is **DISMISSED** for lack of jurisdiction without prejudice to seeking relief in the sentencing court. It is further **ORDERED** that to the extent Perez's request to be released is a challenge to the service of her sentence, such claim is **DISMISSED** without prejudice to her right to seek such relief through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241

**SO ORDERED** this **28th day** of **February, 2022.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**